DOROTHY ISLER et al., Respondents, v. INTER-CITY TRANSPORTATION CO., INC., et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ.

■

AARON TUMAN, Appellant, v. ROYAL MOTOR EXPRESS, INC., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ. [See post, p. 936.]

■

CARYL REALTY CO., INC., Respondent, v. THIRD AVE. LEASING CORP., Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ.

■

CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, v. ST. LAWRENCE TEXTILE CORPORATION, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ.

## (November 13, 1953.)

■

(Republish)

LAURENCE POLLOCK, Trading as POLLOCK PHARMACY, Respondent, v. PAUL H. POLLOCK, INC., et al., Appellants.— Judgment reversed and complaint dismissed on the ground that the evidence fails to disclose any fraud, misrepresentation, deceit, unfairness, or palming off by defendants, and that there was no proof of confusion or likelihood of confusion on the part of the public, or other proof of unfair trade on the part of the defendants. Present — Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ.; Dore, J., dissents and votes to affirm. Settle order on notice. [See ante, p. 930.]

## (November 17, 1953.)

■

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEX CHUZ, Respondent-Appellant, against ANN REITER et al., Appellants-Respondents.— Order unanimously affirmed with leave, however, to the relator father, at the expiration of a period of six months, to apply for a modification of the visitation rights allowed by the order appealed from, should there be an abuse of such rights. In view of the fact that this child has been with the grandmother and aunt for the major portion of the child's life, it would be unwise in the child's best interest to have custody transferred too abruptly or too completely. Settle order on notice. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ.